UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID EARL WATTLETON,        )
                                           )
           Plaintiff,            )
                                           )
         v.                     )           CIVIL ACTION
                                           )           NO. 10-11969-JGD
JOHN DOE, Medical Director of Bureau   )
of Prisons, et al.,                  )
                                         )
           Defendants.     )

## ORDER

December 14, 2010

DEIN, U.S.M.J.

For the reasons stated below, the court grants the plaintiff's motion for leave to proceed

in forma pauperis and directs him to show cause why this action should not be dismissed.

## I.  BACKGROUND

On October 29, 2010, David Wattleton, a civilly committed person confined at FMC

Devens, filed a self-prepared complaint in which he purports to bring claims under the Federal

Tort Claims Act, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the

Americans with Disabilities Act or the Rehabilitation Act.[1]  He names John and Jane Doe,

medical directors of the Federal Bureau of Prisons ("BOP") as defendants.  Wattleton claims that

his continued confinement during the adjudication of a habeas petition "is cruel and unusual

punishment" and violates the Eight Amendment, the Americans with Disabilities Act, and the

---

[1]Wattleton filed this action in the United States District Court for the District of
Columbia.  It was transferred to the District of Massachusetts on November 16, 2010.

Rehabilitation Act. Compl. at 1. He alleges that "Dr. Bates," the BOP's Senior Institutional Staff Psychologist, is trying to jeopardize his habeas petition by subjecting him to intimidation "through theatrical imaging using various media, and by populating his environment with innuendos or mirror images of particular past sad scenes." Id. at 2. Wattleton further alleges that Dr. Bates and other BOP staff "never take their eyes off him, and they study his every movement in a way never been done before." Id. at 3. According to Wattleton, "[e]verything plaintiff does seems suspect to them and they animate their suspicion to deliberately annoy him." Id. Dr. Bates and his staff also allegedly manipulate the habeas proceedings "by inciting inmates to intimidate and assault plaintiff so that he is placed in seclusion for disciplinary reasons."

With his complaint, Wattleton filed a motion for leave to proceed in forma pauperis (docket entry #2). On November 17, 2010, Wattleton filed a "Motion Pursuant to Rule 8 and 10" (docket entry #6) in which he attacks the constitutionality of various statutes and of his continued confinement at FMC Devens.

## II. DISCUSSION

### A.      Motion for Leave to Proceed In Forma Pauperis

Upon review of the motion for leave to proceed in forma pauperis, the Court concludes that the plaintiff has adequately shown that he is without income or assets to prepay the filing fee. Accordingly, the Count grants the motion.

### B.      Screening of the Complaint

Because the plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious,

frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In conducting the preliminary review of a complaint, the Court liberally construes the plaintiff's complaint because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Upon screening the complaint, the Court concludes that all claims are subject to dismissal.

### 1.    Americans With Disabilities Act

The American with Disabilities Act "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III."  Tennessee v. Lane, 541 U.S. 509, 516-517 (2004). Wattleton's complaint does not specify which section of the Americans with Disabilities Act the defendants allegedly violated.  Title I does not apply to Wattleton's complaint because his claims do not concern employment.  Title II excludes the federal government from its definitions of a "public entity." 42 U.S.C. § 12131(1).  Similarly, Title III does not include the Bureau of Prisons, or any other federal entity, among its exhaustive list of public accommodations operated by private entities within the coverage of that Title.  42 U.S.C. § 12181(7).  Because the Americans with Disabilities Act does not apply to the Federal Bureau of Prisons or its employees in this context, Wattleton has failed to state a claim under the statute.

### 2.    Rehabilitation Act

Wattleton does not identify the section of the Rehabilitation Act ("RA") under which he brings this action.  Sections 501 and 503 are inapplicable to Wattleton's factual allegations, as

these sections concern discrimination in employment on the basis of disability.  See 29 U.S.C.

§ 791 (Section 501 of the RA, which prohibits discrimination on the basis of disability in

employment decisions by the federal government); 29 U.S.C. § 793 (Section 503 of the RA,

which prohibits discrimination on the basis of disability by federal government contractors and

subcontractors).  Section 508, which concerns accessibility by disabled persons to electronic and

information technology, is also unrelated to Wattleton's factual allegations.  See 29 U.S.C.

§ 794d.  Section 504 of the RA prohibits discrimination on the basis of disability "under any

program or activity conducted by any Executive agency."  29 U.S.C. § 794(a).  Wattleton's

allegations do not suggest that he was discriminated against on the basis of a disability under any

program or activity of the BOP.  Wattleton has therefore failed to state a claim for relief under

the RA.

### 3.  Federal Tort Claims Act

The United States (including its various branches, departments, and agencies) enjoys

immunity from suit except in those instances in which it has expressly consented to be sued.  See

FDIC v. Meyer, 510 U.S. 471, 475 (1994).  By passing the Federal Tort Claims Act, Congress

waived the sovereign immunity of the United States for claims that fall within the purview of the

statute.  See 28 U.S.C. §§ 1346(b), 2671-2680; Barrett ex rel. Estate of Barrett v. United States,

462 F.3d 28, 36 (1st Cir. 2006).[2]  However, a plaintiff may not institute a claim under the FTCA

---

[2]Subject to some exceptions, the FTCA provides a right of action against the United
States

> for injury or loss of property, or personal injury or death caused by the negligent
> or wrongful act or omission of any employee of the Government while acting
> within the scope of his office or employment, under circumstances where the
> United States, if a private person, would be liable to the claimant in accordance

4

in a federal district court until (1) the plaintiff has filed an administrative claim with the "appropriate Federal agency"; and (2) the agency finally denies the administrative claim or six months pass without a final denial of the administrative claim--whichever comes first. 28 U.S.C. § 2675(a). This administrative remedy exhaustion requirement is jurisdictional. See Barrett, 462 F.3d at 38; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Here, Wattleton does not allege that he has exhausted his administrative remedies under the FTCA. Further, because the United States is the only proper defendant in an action under the FTCA, see U.S.C. §§ 1346(b), 2674, 2679; McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006), any claim under the FTCA against individuals is improper.

**4.      Bivens**

The doctrine enunciated in Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) allows a plaintiff "to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities." DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008). "A claimant who seeks relief under Bivens must prove the violation of a constitutional right by a federal agent acting under color of federal law." Id. Bivens liability may only be premised solely on the defendant's direct involvement in the alleged deprivation of constitutional rights--"respondeat superior is not a viable theory of Bivens liability." Ruiz Rivera v. Riley, 209 F.3 24, 28 (1st Cir. 2000).

---

with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Here, Wattleton has brought his claim two unnamed medical directors of the Bureau of

Prisons. He does not set forth any allegations that permit a reasonable inference that the

defendants are indirectly involved in the alleged misconduct of Dr. Bates and his staff.

Further, even if Wattleton had named Dr. Bates as a defendant, the allegations of

misconduct by him are insufficient to state a claim for relief. Under Rule 8(a) of the Federal

Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the

complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting

Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This

means that the statement of the claim must "at least set forth minimal facts as to who did what to

whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the

requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to

nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.

1988)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels

and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not

"bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual

allegations must be enough to raise a right to relief above the speculative level." Id. (quoting in

part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements,

do not suffice."). Wattleton's broad allegations that Dr. Bates has used improper psychological

methods against Wattleton and instructed other inmates to intimidate Wattleton are not specific

6

enough to provide the notice required under Rule 8(a).

### III.  CONCLUSION

Accordingly:

1.      The motion for leave to proceed <u>in forma pauperis</u> (docket entry #2) is

GRANTED.

2.      The "Motion Pursuant to Rule 8 and 10" (docket entry #6) is DENIED.

3.      If Wattleton wishes to pursue this action, he must, within forty-two (42) days of

the date of this order, show good cause why this action should not be dismissed for the reasons

stated above.  Failure to comply with this directive may result in dismissal of the action.


SO ORDERED.


  /s/ Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge